UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Ibrahima Diallo,

                      Petitioner,                **MEMORANDUM & ORDER**
                                                                                                                           25-CV-05740 (DG)

      -against-

Raul Maldonado, Jr., *in his official capacity as Warden of the Metropolitan Detention Center*; William Joyce, *in his official capacity as Acting Director, New York Field Office for U.S. Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary, U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement,

                      Respondents.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        By Verified Petition for Writ of Habeas Corpus, Petitioner Ibrahima Diallo, detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, commenced this action pursuant to 28 U.S.C. § 2241. *See* Verified Petition for Writ of Habeas Corpus (the "Petition" or "Pet."), ECF No. 1; ECF No. 2 (containing exhibits to Petition). Petitioner principally asserts that his detention violates his due process rights under the Fifth Amendment to the United States Constitution. *See generally* Pet.; *see also* Reply in Support of Petition ("Reply"), ECF No. 16.[1] Petitioner requests that the Court issue a writ of *habeas corpus* and order Petitioner's immediate

---

[1] The Petition is brought in five Counts: (1) "Violation of the Fifth Amendment to the U.S. Constitution (Substantive Due Process);" (2) "Violation of the Fifth Amendment's Due Process Clause (Procedural Due Process);" (3) "Violation of the APA, 5 U.S.C. § 706(2);" (4) "Violation of Constitutional and Statutory Rights to an Adjudication of SIJS Protection;" and (5) "Release on Bail Pending Adjudication."

release.  *See* Pet. at 20; Reply at 10.[2]

Respondents oppose the Petition.  *See* Memorandum of Law in Response to the Court's Order to Show Cause Why the Petition for Writ of Habeas Corpus Should Not Be Granted and in Opposition to the Petition, ECF No. 14; Declaration of Willam D. Morrow ("Morrow Decl."), ECF No. 14-1; Supplemental Declaration of William D. Morrow ("Supp. Morrow Decl."), ECF No. 15-1.

For the reasons set forth below, the Petition is GRANTED.

## BACKGROUND

**I.     Relevant Factual Background[3]**

Petitioner is 21 years old and a citizen of Guinea.  *See* Pet. ¶¶ 1, 8.  Petitioner entered the United States on or about December 23, 2023 at or near Lukeville, Arizona.  *See* Pet. ¶ 20; Morrow Decl. ¶ 4.  Petitioner asserts that at the age of 19, he "fled persecution in Guinea because of his race/ethnicity and because of his political opposition to the regime in Guinea, which – like preceding governments in Guinea – has long repressed the Fulani people."  *See* Pet. ¶ 20.  Petitioner entered the United States illegally.  *See* Morrow Decl. ¶ 5; *see also* Transcript of October 24, 2025 Hearing ("Tr.") 21.

On December 25, 2023, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (section 212(a)(6)(A)(i) of the Immigration and Nationality Act (the "INA")).  *See* Pet. ¶ 20; Notice to Appear, ECF No. 2-1; Morrow Decl. ¶ 6.  The Notice to Appear identified Petitioner as "an alien present in the United

---

[2]    Petitioner also seeks a variety of additional and/or alternative relief.  *See* Pet. at 20.

[3]    The information set forth in this section is drawn from the Petition and exhibits thereto; the Declaration of William D. Morrow; the Supplemental Declaration of William D. Morrow and exhibits thereto; and representations made at the hearing held on the Petition on October 24, 2025 and is uncontested unless otherwise indicated.

States who has not been admitted or paroled." *See* Notice to Appear at 1; *see also* Morrow Decl. ¶ 6. The Notice to Appear ordered Petitioner to appear before an immigration judge of the United States Department of Justice in Newark, New Jersey on June 20, 2024. *See* Pet. ¶ 20; Notice to Appear at 1; *see also* Morrow Decl. ¶ 6. Petitioner was released on his own recognizance. *See* Order of Release on Recognizance, ECF No. 2-2; Pet. ¶ 20; Morrow Decl. ¶ 6. Respondents represent that Petitioner "was released on his own personal recognizance due to a lack of detention bed space" and "was not then, nor has he since been, admitted to the United States." *See* Morrow Decl. ¶ 6. Petitioner asserts that he was released on his own recognizance in accordance with section 236 of the INA – *i.e.*, in accordance with 8 U.S.C. § 1226. *See* Pet. ¶ 20 (referencing Order of Release on Recognizance).

Subsequent to Petitioner's release, removal proceedings were commenced against Petitioner, *see* Morrow Decl. ¶ 7; Pet. ¶¶ 21, 25; Petitioner's request to change venue to the immigration court located at 290 Broadway, New York, New York ("290 Broadway") was granted, *see* Pet. ¶ 21; ECF No. 2-4; and Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture and – following the issuance of a "Special Findings Order" from the Bronx Family Court – for Special Immigration Juvenile Status, *see* Pet. ¶¶ 1, 21 & n.2, 22-23; ECF Nos. 2-7, 2-8.

On June 20, 2025, Petitioner appeared in person before an immigration judge at 290 Broadway in connection with Petitioner's removal proceedings. *See* Pet. ¶ 25; Morrow Decl. ¶ 11. Petitioner's counsel appeared virtually. *See* Morrow Decl. ¶ 11. At the June 20, 2025 proceeding, DHS moved to dismiss Petitioner's removal proceedings. *See* Pet. ¶ 25; Morrow Decl. ¶ 11. The motion, which was opposed by Petitioner, was granted without prejudice. *See* Pet. ¶ 25; Order on Motion to Dismiss, ECF No. 2-9; *see also* Morrow Decl. ¶ 11.

3

On June 20, 2025, after the appearance before the immigration judge, Immigration and Customs Enforcement ("ICE") took Petitioner into custody. *See* Pet. ¶ 26; Morrow Decl. ¶ 12. Petitioner asserts that he was arrested in the hallway of 290 Broadway "without any notice or warning" and that the ICE officers who arrested him "were masked and did not identify themselves." *See* Pet. ¶ 26. Petitioner also asserts that his "arrest and detention were purportedly based on an administrative warrant" and that the warrant "was signed but did not include a fully printed name and title nor was the certificate of service completed." *See* Pet. ¶ 26; *see also* ECF No. 2-10. Respondents assert that "after the hearing, ICE took Petitioner into custody and escorted him for further processing to the ICE processing area located at 26 Federal Plaza New York, New York" and that during processing, ICE served Petitioner with a Form I-200 (Warrant for Arrest of Alien); a Form I-860 (Notice and Order of Expedited Removal), which initiated expedited removal and which reflected that Petitioner was detained without bond pursuant to section 235 of the INA (8 U.S.C. § 1225); and a Form I-286 (Notice of Custody Determination). *See* Morrow Decl. ¶ 12. With respect to the Form I-286, Respondents assert: "ICE . . . served Petitioner with a Form I-286 . . . that reflected an individualized custody determination; this was in error, but the form did reflect that he would be detained." *See* Morrow Decl. ¶ 12; *see also* Tr. 24; Supp. Morrow Decl. ¶ 2; ECF No. 15-2.

Petitioner appealed the immigration judge's June 20, 2025 decision to the Board of Immigration Appeals and in light of the pending appeal, Petitioner currently is not subject to expedited removal. *See* Pet. ¶ 29; *see also* Morrow Decl. ¶¶ 14-15. Petitioner is detained at the MDC. *See* Pet. ¶ 27; Morrow Decl. ¶ 13.

Petitioner alleges that on August 15, 2025, his counsel requested his release from detention and that on August 16, 2025, an ICE official responded that Petitioner was subject to

4

mandatory detention and therefore not eligible for release. *See* Pet. ¶ 30. Petitioner asserts that he has not sought a bond hearing before an immigration judge because doing so would be futile. *See* Pet. ¶ 31.[4]

## II. Procedural Background

On October 13, 2025, Petitioner filed the Petition. *See* ECF No. 1. By Order to Show Cause dated October 17, 2025, the Court, *inter alia*, directed Respondents to show cause in writing why a writ of *habeas corpus* should not be issued. *See* October 17, 2025 Order to Show Cause. On October 23, 2025, Respondents filed their brief in response to the Order to Show Cause and in opposition to the Petition and filed the Declaration of Willam D. Morrow. *See* ECF Nos. 14, 14-1. On October 24, 2025, the Court held a hearing on the Petition. *See* Minute Entry for October 24, 2025 hearing; *see generally* Tr. On October 24, 2025, following the hearing, Respondents filed a letter attaching the Supplemental Declaration of William D. Morrow and exhibits thereto. *See* ECF No. 15.[5] On October 31, 2025, Petitioner filed his reply in further support of the Petition. *See* ECF No. 16. On November 3, 2025, Respondents filed a Notice of Supplemental Authority. *See* ECF No. 17.

\* \* \*

---

[4] Petitioner asserts that "[w]hile at liberty" prior to his June 2025 detention, he was a member of The Door, "a 501(c)(3) organization that assists young people ages 12 to 24 in Manhattan and the Bronx with a comprehensive array of services," and that he "took English classes approximately three days a week." *See* Pet. ¶ 28.

[5] The request to seal the exhibits to the Supplemental Declaration of William D. Morrow, *see* ECF No. 15, is granted. Although a presumption of public access ordinarily attaches to judicial documents, sealing such documents can be justified when necessary to protect countervailing interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court finds that sealing of the exhibits, ECF Nos. 15-2 and 15-3, is warranted due to the nature of the information contained therein.

As reflected in the parties' submissions and by their arguments at the October 24, 2025 hearing, Petitioner and Respondents disagree as to the statutory basis for Petitioner's detention. Respondents argue that Petitioner is being detained pursuant to 8 U.S.C. § 1225 ("Section 1225") and that such detention is mandatory. Petitioner, in contrast, argues that he is being detained pursuant to 8 U.S.C. § 1226 ("Section 1226") and that such detention is discretionary. Respondents acknowledge that various documents provided to Petitioner reference Section 1226 but Respondents argue that regardless, Section 1225 is the relevant provision here and that Section 1225 has always applied to Petitioner, including in December 2023 when he was released on his own recognizance due to a "bed space" issue.

The parties' disagreement over which statutory section applies stems largely from a disagreement over statutory interpretation with respect to Section 1225. The parties urge the Court to adopt their respective interpretations.[6]

The Court notes that the instant action is one of the many actions in which federal district courts across the country have in recent months been called upon to address Sections 1225 and 1226 and to contend with varying views as to how those provisions should be interpreted and/or applied. The Court finds particularly instructive here the decision of the district court in *Savane v. Francis*, No. 25-CV-06666, 2025 WL 2774452 (S.D.N.Y. Sept. 28, 2025), discussed further below.

## STANDARD OF REVIEW

As the United States Court of Appeals for the Second Circuit has recognized, Title 28, United States Code, Section 2241 "authorizes a district court to grant a writ of habeas corpus

---

[6] The Court herein assumes familiarity with the differing statutory interpretations advanced by the parties and with the arguments in support of those interpretations.

6

whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *See Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[7]

## DISCUSSION

As set forth below, the Court need not – and does not – resolve the statutory interpretation question here because even accepting for present purposes Respondents' assertion that Petitioner is detained pursuant to Section 1225 and that Section 1225 has always applied to Petitioner, the Petition must be granted because Petitioner is "in custody in violation of the Constitution" – specifically, in violation of the Fifth Amendment.

**I.      Applicable Law**

    **A.      Due Process**

The Second Circuit has noted that the Due Process Clause of the Fifth Amendment "covers noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). In addition, the Second Circuit has noted that "[n]oncitizens are also entitled to challenge through habeas corpus" the legality of their detention. *See id*. And the Second Circuit has applied the three-factor balancing test as provided in *Mathews v. Eldridge*, 424 U.S. 319 (1976) in determining the adequacy of process in the context of civil immigration confinement. *See Velasco Lopez*, 978 F.3d at 851 (noting that the three *Mathews* factors are: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used,

---

[7] It bears noting that Respondents do not dispute that the Court has jurisdiction over the issue of Petitioner's detention. *See* Tr. 44 (Respondents' counsel stating that Respondents are "not suggesting the Court does not have jurisdiction to assess the issue of detention under habeas or order release").

and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail" (quoting *Mathews*, 424 U.S. at 335)).

B. **Relevant Statutory and Regulatory Provisions**

8 U.S.C. § 1225(a)(1) provides:

An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.

8 U.S.C. § 1225(b)(2)(A) provides in relevant part:

[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1182(d)(5)(A) ("Section 1182(d)(5)(A)") provides in relevant part:

The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

As noted by the *Savane* court, Section 1182(d)(5)(A) "is the sole statutory authority under which a noncitizen subject to § 1225(b)(2)(A) may be paroled." *See Savane*, 2025 WL 2774452, at *7; *see also Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018).

For termination of parole, as relevant here, Section 1182(d)(5)(A)'s implementing

regulations require "written notice to the alien." *See* 8 C.F.R. 212.5(e)(2)(i).[8]

## II. Petitioner's Detention Violates the Fifth Amendment

In light of Respondents' position – accepted for present purposes – that the basis for Petitioner's detention is Section 1225 and that Section 1225 has always applied to Petitioner, it follows that Petitioner's release in December 2023 was pursuant to parole under Section 1182(d)(5)(A) and that Petitioner therefore was entitled to certain process in connection with his detention in June 2025.

Here, the record does not reflect that Respondents complied with the statutorily required process for revoking Petitioner's parole. The record does not reflect that Petitioner received the notice required in connection with revocation of parole under Section 1182(d)(5)(A). Nor does the record reflect that Respondents made any assessment – much less an individualized assessment – before revoking Petitioner's parole. *See Savane*, 2025 WL 2774452, at *8; *see also Rojas Acevedo v. Almodovar*, No. 25-CV-07189, 2025 WL 3034183, at *8 (S.D.N.Y. Oct. 30, 2025) (noting that "[r]evocation of parole under DHS' own rules requires a case-by-case assessment to comply with the statute, and must attend to the reasons an individual noncitizen received parole initially" (quotation omitted)).[9]

---

[8] The various provisions of Section 1226 differ materially from the provisions of Section 1225. 8 U.S.C. § 1226(a) (titled "Arrest, detention, and release") provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) [relating to criminal aliens] and pending such decision, the Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on – (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole . . . ." 8 U.S.C. § 1226(b) (titled "Revocation of bond or parole") provides: "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."

[9] Although, as noted above, Respondents assert that they provided certain documents to Petitioner at the time of his detention in June 2025, Respondents do not assert that they

Applying to the facts here the reasoning of the district court in the analogous *Savane* case, the Court concludes that Petitioner's procedural due process rights were violated. Like the *Savane* court, the Court here concludes that the first *Mathews* factor weighs heavily in Petitioner's favor – indeed, Petitioner invokes "the most significant liberty interest there is – the interest in being free from imprisonment," *see Savane*, 2025 WL 2774452, at *9 (quoting *Velasco Lopez*, 978 F.3d at 851); that the second *Mathews* factor also weighs in Petitioner's favor – the risk of erroneous deprivation of Petitioner's liberty interest is high on the record before the Court, *see id.*; and that as to the third *Mathews* factor, although Respondents have a "weighty" interest in the efficient administration of the immigration laws, Respondents would not be overly burdened by providing, at a minimum, the notice required – indeed, Respondents are "required to follow their own regulations," *see id.* (first quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982); then quoting *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020)).[10]

Because Petitioner's Fifth Amendment procedural due process rights were violated, he is "in custody in violation of the Constitution" and the Petition therefore is granted. *See* 28 U.S.C. § 2241; *see, e.g.*, *Savane*, 2025 WL 2774452, at *10; *Rojas Acevedo*, 2025 WL 3034183, at *9; *Materano v. Arteta*, No. 25-CV-06137, 2025 WL 2630826, at *16, *20 (S.D.N.Y. Sept. 12,

---

provided the notice required pursuant to Section 1182(d)(5)(A)'s implementing regulations. Respondents also do not appear to rely on the Form I-286 as evidence of an individualized determination – indeed, as noted above, Respondents assert error in connection with that form.

[10] As numerous courts have noted, detention under Section 1226 without any process would constitute a due process violation as well. *See, e.g.*, *Chipantiza-Sisalema v. Francis*, 25-CV-05528, 2025 WL 1927931, at *4 (S.D.N.Y. July 13, 2025); *Valdez v. Joyce*, No. 25-CV-04627, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025).

2025).[11]

## CONCLUSION

For the reasons set forth above, the Petition, ECF No. 1, is GRANTED. Respondents are directed to release Petitioner from custody and to file a letter certifying such release no later than 5:00 p.m. on November 13, 2025.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

<u>/s/ Diane Gujarati</u><br>
DIANE GUJARATI<br>
United States District Judge

Dated: November 12, 2025
      Brooklyn, New York

---

[11] Having determined that Petitioner's procedural due process rights were violated and that he is entitled to a writ of *habeas corpus* on that basis, the Court need not – and does not – address Petitioner's various other arguments and/or requests for relief. *See* Reply at 7 n.5; Tr. 33.

11